James N. Maynard, SBN: 165467
LAWYERS FOR LESS LAW CENTER
3368 Governor Dr., Suite F135
San Diego, CA 92122
Telephone: (858) 246-7049
Fax: (760) 539-8011

ATTORNEYS FOR PLAINTIFFS,
TESLA GRAY, RAY GRAY

FILED
2009 SEP 16 PM 2:30
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____ ORIGINAL

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

RAY GRAY, TESLA GRAY,

              Plaintiffs,

Vs.

PREFERRED BANK, THEODORE HSU,
BRIAN JURCZAK, JEFFERY GOLDEN,
and DOES 1 through 300, inclusive,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 09 CV 2025 DMS     CAB

COMPLAINT FOR:
1) VIOLATION OF 18 U.S.C.1961 ET SEQ., RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ("RICO")
2) VIOLATION OF 11 US.C. 363 ET SEQ OF BANKRUPCTY LAWS RE BANKRUPTCY OF TESLA GRAY
3) VIOLATION OF SECURITIES AND EXCHANGE ACT, 15 U.S.C. 77q(a) and 78j(b) FOR DECEPTIVE PRACTICES
4) VIOLATION OF 28 U.S.C. 1331 ET SEQ., FOR BANK FRAUD
5) VIOLATION OF 12 U.S.C.4903 ET SEQ., REAL ESTATE SETTLEMENT PROCEDURES ACT OF 1974
6) FRAUD
7) USURY
8) UNCONSCIONABILITY
9) CONSPIRACY

JURY TRIAL IS DEMANDED

COMPLAINT

1

Plaintiffs RAY GRAY and PLAINTIFFS, TESLA GRAY and RAY GRAY, (hereinafter referred to as "TESLA," and "RAY", respectively) and for all causes of action, allege as follows:

1. At all times relevant, Plaintiffs, TESLA GRAY, RAY GRAY, were and are citizens of the State of California.

2. At all times relevant, defendant PREFERRED BANK, INC. (hereinafter "PREFERRED") was and is a corporation incorporated under the laws of the State of California engaged in the banking business in Los Angeles County.

3. PREFERRED is a public stock company (PFBC), supervised by the Securities and Exchange Commission ("SEC").

4. PREFERRED is a bank regulated by the United States Comptroller of the Currency and Federal Deposit Insurance Corporation.

5. Except where specifically otherwise stated in the complaint, each defendant THEODORE HSU, BRIAN JURCZAK, JEFFERY GOLDEN sued was the agent, employee, or representative of defendant PREFERRED BANK and was acting within the course, scope and authority of such relationship.

4. Plaintiffs are currently unaware of the names of defendants listed herein as DOES 1 through 300, inclusive. Plaintiffs will amend the complaint in the event that the identity of such individuals or entities is learned or becomes known by Plaintiffs. Plaintiffs herein allege that all fictitiously named defendants were acting in concert with the named defendants and were agents and employees of said defendants and that such actions caused the damages incurred and suffered by Plaintiffs.

5. The jurisdiction of this Court over the subject matter of this action is predicated

COMPLAINT

2

on 28 USC 1331 and 1367, 18 U.S.C.1961 ET SEQ., 11 US.C. 363 ET SEQ, 15 U.S.C. 77q(a) and 78j(b) ET SEQ., and12 U.S.C.4903 ET SEQ.

6.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.      All plaintiffs reside in this district.  The contracts that are a subject of this action were signed in this district.

8.      On or about October 2006, Tesla and PREFERRED allegedly executed a Construction Loan Agreement and Escrow Instructions (hereinafter "Agreement") and a Promissory Note whereby Tesla was to repay a loan of up to $14,000,000, with an interest rate of up to 18% plus an additional sum of at least $550,000.00 into the Interest Reserve Account, to be encumbered by a Deed of Trust in favor of PREFERRED.

9.      Additionally, PREFERRED claims that Ray executed a Guaranty on or about · October 2006, whereby he agreed to guarantee the fulfillment of the obligations of the Agreement.

10.  On or about December 22, 2008, PREFERRED and its agents, the other co-defendants, acting as a group of persons associated together in fact for the common purpose of extorting from Tesla Gray additional collateral of four residential properties (two in Hawaii, two in California) having equity value in excess of $10 million dollars for the previous loan of October 2006, without giving Tesla any additional consideration and with full knowledge that Tesla had a pending bankruptcy since October 2008 and the protection of the automatic stay and that it was a violation of federal bankruptcy law  to add to the collateral for an existing loan preceding a bankruptcy, nonetheless, did obtain from Tesla said additional collateral of real estate properties  as part of an Amendment to Construction Loan Agreement, along with a

COMPLAINT

3

Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended. All of the agreements shall collectively be referred to as the "Loan Documents" in connection with the subject properties.

11.     THEODORE HSU, BRIAN JURCZAK, JEFFERY GOLDEN, the attorney for PREFERRED, all were well aware of Tesla's bankruptcy and the illegality of their extorting the additional properties from Tesla and Ray to as collateral for a 2006 Agreement, yet proceeded anyway, as described in the foregoing.

12.     At the end of 2008 the bank was facing liquidity problems, according to the federal bank regulators. If Tesla's loan of $14 million, which was delinquent at the time, had been properly put into a delinquent category, the bank regulators would have closed or taken other adverse action against Preferred Bank, which would have caused their stock to plummet. PREFERRED and its agents furthered a scheme to avoid this by inflating the value of their assets with the additional collateral extorted from Tesla.

13.     Preferred Bank is a public stock company (PFBC), supervised by the SEC. The insiders to the bank, including the chairman, have large amounts of stock which equates to their net worth. PREFERRED and its agents furthered a scheme to deceptively manipulate the value of their stock with the additional collateral extorted from Tesla.

14.     In sum, extortionist pressure was put on Tesla to sign an amended loan agreement and related documents, and on Ray, a guaranty, to give PREFERRED additional, substantial

COMPLAINT

4

collateral so that it would give the appearance of a solid loan to the banking regulators so, in turn, they could file a deceptive, misleading SEC yearly report of manipulated, inflated values.

15.    During the months prior to late December 2008, to induce plaintiffs to sign the loan documents and guaranty, PREFERRED promised to lend $20 million towards Ray's ranch properties in Panoche Valley in northern California.  PREFERRED pressured Tesla and Ray to sign the Loan Documents and new Guaranty, with the threat that they must do so, on pain of adverse actions against them, despite the illegality of signing such documents.  After their signing, PREFERRED renegged on its promise to loan the money.  It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

16.    During the months prior to late December 2008, to induce plaintiffs to sign the loan documents and guaranty, PREFERRED promised PREFERRED had promised to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego,  which would have enabled Ray to close on a sale he had with a buyer from Mexico for one the those buildings.  PREFERRED had put a loan on both properties for $700,000.  Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down.  PREFERRED had led Ray to believe they would do so. But after Tesla and he signed the subject documents in December 2008, they refused to do so.  In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf, that "you've got to sign those documents.  If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies).  In fact, despite their signing the documents, PREFERRED renegged on its promise to separate the loans, the escrow for the purchase of one of the buildings has failed

COMPLAINT

5

despite the buyer's wiring full payment, as instructed, to a bank account in Las Vegas, Nevada. PREFERRED is now foreclosing on these properties. It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

<u>FIRST CLAIM FOR RELIEF</u>

VIOLATION OF 18 U.S.C.1961 ET SEQ., RACKETEER

INFLUENCED AND CORRUPT ORGANIZATION ("RICO")

17. PLAINTIFFS reallege and incorporate paragraphs 1 thru 16 of this complaint as though fully set forth herein.

18. Plaintiffs allege on information and belief that on or about December 22, 2008, PREFERRED and its agents, the other co-defendants, acting as a group of persons associated together in fact for the common purpose of extorting from Tesla Gray and Ray Gray additional collateral of four residential properties (two in Hawaii, two in California) having equity value in excess of $10 million dollars for the previous loan of October 2006, without giving Tesla or Ray any additional consideration and with full knowledge that Tesla had a pending bankruptcy since October 2008 and the protection of the automatic stay and that it was a violation of federal bankruptcy law to add to the collateral for an existing loan preceding a bankruptcy. Defendants did, nonetheless, obtain from Tesla said additional collateral of real estate properties as part of an Amendment to Construction Loan Agreement, along with a Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan

COMPLAINT

6

Agreement, as amended. All of the agreements shall collectively be referred to as the "Loan Documents" in connection with the subject properties.

19. THEODORE HSU, BRIAN JURCZAK, JEFFERY GOLDEN, the attorney for PREFERRED, all were well aware of Tesla's bankruptcy and the illegality of their extorting the additional properties from Tesla and Ray to as collateral for a 2006 Agreement, yet proceeded anyway, as described in the foregoing.

20. During the months prior to late December 2008, PREFERRED, through its CEO, THEODORE HSU, perpetrated a fraud on plaintiff Ray, by promising, without intent to perform, to lend $20 million towards Ray's ranch properties in Panoche Valley in northern California. PREFERRED pressured Tesla and Ray to sign the Loan Documents and new Guaranty, with the threat that they must do so, on pain of adverse actions against them, despite the illegality of signing such documents. After their signing, PREFERRED reneged on its promise to loan the money. It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

21. During the months prior to late December 2008, PREFERRED, through its CEO, THEODORE HSU had promised to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego, which would have enabled Ray to close on a sale he had with a buyer from Mexico for one the those buildings. PREFERRED had put a loan on both properties for $700,000. Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down. PREFERRED had led Ray to believe they would do so. But after Tesla and he signed the subject documents in December 2008, they refused to do so. In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf,

COMPLAINT

7

that "you've got to sign those documents. If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies). In fact, despite their signing the documents, PREFERRED reneged on its promise to separate the loans, the escrow for the purchase of one of the buildings has failed despite the buyer's wiring full payment, as instructed, to a bank account in Las Vegas, Nevada. PREFERRED is now foreclosing on these properties. It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

22.     As a result, each of the plaintiffs has suffered substantial injury to business or property within the meaning of 18 U.S.C. § 1964(c) and are entitled to treble damages.

SECOND CLAIM FOR RELIEF

VIOLATION OF 11 US.C. 362 ET SEQ<br>OF BANKRUPCTY LAWS

23.     PLAINTIFFS reallege and incorporate paragraphs 1 thru 22 of this complaint as though fully set forth herein.

24.     PLAINTIFFS allege that Tesla Gray ("Tesla") became the subject, as debtor, of an involuntary bankruptcy proceeding that was initiated on or about October 28, 2008.

25.     Under 11 USC Section 362(a), the filing of a bankruptcy petition puts in place an automatic stay against creditor actions and proceedings.

26.     Under section 362(a), "...all legal actions being taken against the debtor are affected." Kertesz v. Ostrovsky (2004) 115 Cal.App.4th 369, 376.

27.     Further, defendants violated federal bankruptcy law by requiring the bankrupt debtor, Tesla, to add to the collateral for an existing loan from 2006 preceding her bankruptcy, obtaining from Tesla said additional collateral of four residential properties (two in Hawaii, two

COMPLAINT

8

in California) having equity value in excess of $10 million dollars and without giving Tesla any additional consideration and with full knowledge that Tesla had the pending bankruptcy and causing them to be a part of an Amendment to Construction Loan Agreement, along with a Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended.

28.     As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

VIOLATION OF SECURITIES AND EXCHANGE ACT,
15 U.S.C. 77q(a) and 78j(b) FOR DECEPTIVE PRACTICES

29.     PLAINTIFFS reallege and incorporate paragraphs 1 thru 28 of this complaint as though fully set forth herein.

30.     PLAINTIFFS allege on information and belief that Preferred Bank is a public stock company (PFBC), supervised by the SEC.

31.     The insiders to the bank, including the chairman, have large amounts of stock which equates to their net worth.

32.     PREFERRED and its agents furthered a scheme to deceptively manipulate the value of their stock with the additional collateral extorted from Tesla, in violation of THE SECURITIES AND EXCHANGE ACT, 15 U.S.C. 77q(a) and 78j(b) prohibiting deceptive practices and stock manipulation.

COMPLAINT

9

33.     In sum, undue pressure was put on Tesla to sign an amended loan agreement and related documents, and on Ray, a guaranty, to give PREFERRED additional, substantial collateral so that they could file a deceptive, misleading SEC yearly report of manipulated, inflated values.

34.     As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

FOURTH CLAIM FOR RELIEF

VIOLATION OF 28 U.S.C. 1331 ET SEQ., FOR BANK FRAUD

35.     PLAINTIFFS reallege and incorporate paragraphs 1 thru 34 of this complaint as though fully set forth herein.

36.     PLAINTIFFS allege on information and belief that at the end of 2008 PREFERRED BANK was facing liquidity problems.

37.     If Tesla's loan of $14 million, which was delinquent at the time, had been properly put into a delinquent category, the bank regulators would have closed or taken other adverse action against Preferred Bank.

38     PREFERRED and its agents furthered a scheme to avoid this by inflating the value of their assets with the additional collateral extorted from Tesla, thereby committing bank fraud, in violation of 28 U.S.C. 1331.

39.     As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

FIFTH CLAIM FOR RELIEF

VIOLATION OF 12 U.S.C. 4903 ET SEQ., REAL ESTATE

COMPLAINT

10

SETTLEMENT PROCEDURES ACT OF 1974

40.    PLAINTIFFS reallege and incorporate paragraphs 1 thru 39 of this complaint as though fully set forth herein.

41.    PLAINTIFFS allege on information and belief that PREFERRED violated the disclosure requirements of the REAL ESTATE SETTLEMENT PROCEDURES ACT OF 1974, 12 U.S.C. 4903 ET SEQ.

42.  PREFERRED failed to satisfy § 4903 by failing to disclose to Tesla that , for a fixed rate mortgage, that plaintiff Tesla, the mortgagor,  1) may cancel the requirement in accordance with section 4902 (a) of this title indicating the date on which the mortgagor may request cancellation, based solely on the initial amortization schedule; 2)  that the mortgagor may request cancellation in accordance with section 4902 (a) of this title earlier than provided for in the initial amortization schedule, based on actual payments; 3)  that the requirement for private mortgage insurance will automatically terminate on the termination date in accordance with section 4902 (b) of this title, and what that termination date is with respect to that mortgage; and 4)  that there are exemptions to the right to cancellation and automatic termination of a requirement for private mortgage insurance in accordance with section 4902 (g) of this title, and whether such an exemption applies at that time to that transaction.

43.    As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

SIXTH CLAIM FOR RELIEF

FRAUD

44.   PLAINTIFFS reallege and incorporate paragraphs 1 thru 43 of this complaint as though fully set forth herein.

COMPLAINT

11

45.     PLAINTIFFS allege on information and belief that during the months prior to late December 2008, to induce plaintiffs to sign the loan documents and guaranty, PREFERRED CEO THEODORE HSU promised to lend $20 million towards Ray's ranch properties in Panoche Valley in northern California.  PREFERRED pressured Tesla and Ray to sign the Loan Documents and new Guaranty, with the threat that they must do so, on pain of adverse actions against them, despite the illegality of signing such documents.  After their signing, PREFERRED renegged on its promise to loan the money.  It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

46.     During the months prior to late December 2008, to induce plaintiffs to sign the loan documents and guaranty, PREFERRED CEO THEODORE HSU promised to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego,  which would have enabled Ray to close on a sale he had with a buyer from Mexico for one the those buildings.  PREFERRED had put a loan on both properties for $700,000.  Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down.  PREFERRED had led Ray to believe they would do so. But after Tesla and he signed the subject documents in December 2008, they refused to do so.  In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf, that "you've got to sign those documents.  If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies).  In fact, despite their signing the documents, PREFERRED reneged on its promise to separate the loans, the escrow for the purchase of one of the buildings has failed despite the buyer's wiring full payment, as instructed, to a bank account in Las Vegas, Nevada.

COMPLAINT

12

PREFERRED is now foreclosing on these properties. It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

47.    As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### USURY

48.    PLAINTIFFS reallege and incorporate paragraphs 1 thru 47of this complaint as though fully set forth herein.

49.    PLAINTIFFS allege on information and belief that on or about October 2006, and again on or about December 2008, Tesla and PREFERRED allegedly executed a Construction Loan Agreement and Escrow Instructions (hereinafter "Agreement") and a Promissory Note whereby Tesla was to repay a loan of up to $14,000,000, with an interest rate of up to 18% plus an additional sum of at least $550,000.00 into the Interest Reserve Account, thus rendering to cost of the loan far in excess of the usury limit in California of approximately 12%.

50.     As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

### UNCONSCIONABILITY

51.    PLAINTIFFS reallege and incorporate paragraphs 1thru 50 of this complaint as though fully set forth herein.

52.    PLAINTIFFS allege that that terms of the Construction Loan Agreement of 2006

COMPLAINT

13

and the Amendment to Construction Loan Agreement of 2008, along with their related documents, a Promissory Note and Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00, as well as a Construction Deed of Trust and Modification of Construction Deed of Trust, Assignment of rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended, are unconscionable.  These documents provide for terms whereby Tesla was to repay a loan of up to $14,000,000, with an interest rate of up to 18% plus an additional sum of at least $550,000.00 into the Interest Reserve Account (usury) plus the addition to the Amendment to the Construction Loan Agreement of four additional properties having equity in excess of $10 million dollars – secured by extortion, duress and fraud – and should be invalidated as null and void.

53.    As a result, Tesla has suffered substantial injury in an amount to be determined at trial.

NINETH CLAIM FOR RELIEF

CONSPIRACY

54.    PLAINTIFFS reallege and incorporate paragraphs 1thru 53 of this complaint as though fully set forth herein.

55.    PLAINTIFFS allege on information and belief that PREFERRED and its agents have conspired with one another to carry out the actions against PLAINTIFFS, as alleged in the foregoing paragraphs.

56.    By reason of said acts, Plaintiffs have suffered general and special damages in an amount according to proof.

COMPLAINT

14

57.    Additionally, Defendants' actions were undertaken intentionally for the express purpose of harming Plaintiffs to the undue advantage of Defendants, thereby entitling Plaintiffs to an award of punitive damages as well.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1.    For compensatory damages in an amount not known, but believed to be in excess of $45 million; trebled pursuant to RICO;

2.    For punitive damages;

3.    For its costs, fees and other expenses, attorney fees, pursuant to 18 U.S.C. § 1964(c); and

4.    For such other and further relief deemed just and proper.

DATED: _9/16/09_                          LAWYERS FOR LESS LAW CENTER


BY: _____
JAMES N. MAYNARD
ATTORNEYS FOR TESLA AND RAY GRAY

COMPLAINT

15

JS 44   (Rev. 12/07)                                    CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
GRAY, RAY;   GRAY, TESLA

### DEFENDANTS
PREFERRED BANK;  HSU, THEODORE;  JURCZAK, BRIAN GOLDEN, JEFFREY;  DOES 1 through 300

**(b)** County of Residence of First Listed Plaintiff   SAN DIEGO, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   LOS ANGELES, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
James N. Maynard, Esq. 2268 Governor Dr. Ste. F-135 San Diego, CA 92122  858-246-7049

Attorneys (If Known)

'09 CV 2025 DMS     CAB

### II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **Habeas Corpus:** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 530 General | **IMMIGRATION** |  |
|  | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  |
|  |  | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee |  |
|  |  | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |
|  |  | ☐ 555 Prison Condition |  |  |

Note (TORTS continued): ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability; **PERSONAL PROPERTY** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

### V. ORIGIN  (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 1961, et seq.

Brief description of cause:
Defendants associated together to extort property from Plaintiffs and perpetrate fraud on them.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 45,000,000.00   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE ____   DOCKET NUMBER ____

DATE   09/16/2009

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # 5286   AMOUNT $350.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

MS 9/16/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005286
Cashier ID: msweaney
Transaction Date: 09/16/2009
Payer Name: JAMES MAYNARD ATT AT LAW
-----------------------------------
CIVIL FILING FEE
  For: GRAYS V PREFERRED BANK
  Case/Party: D-CAS-3-09-CV-002025-001
  Amount:        $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 1030
  Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```