James N. Maynard, SBN: 165467
LAWYERS FOR LESS LAW CENTER
2588 El Camino Real, CA 92008
(760) 231-5883
Fax: (760) 539-8011

ATTORNEYS FOR PLAINTIFFS,
TESLA GRAY, RAY GRAY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GRAY, TESLA GRAY,<br><br>   Plaintiffs,<br><br>Vs.<br><br>PREFERRED BANK, THEODORE HSU, BRIAN JURCZAK, and DOES 1 through 300, inclusive,<br><br>   Defendants.<br>_____ | ) CASE NO:  09 CV 2025 DMS (CAB)<br>)<br>) SECOND AMENDED COMPLAINT<br>) FOR:<br>) 1)  VIOLATION OF 11 U.S.C. 363 ET<br>) SEQ OF BANKRUPCTY LAWS RE<br>) BANKRUPTCY OF TESLA GRAY<br>) 2)  FRAUD –INTENTIONAL<br>) MISREPRESENTATION<br>) 3)  FRAUD – NEGLIGENT<br>) MISREPRESENTATION<br>)<br>)<br>) JURY TRIAL IS DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JURISDICTION AND VENUE

The jurisdiction lies in this Court in 28 U.S.C. 1331,1367, 11 U.S.C. 363 ET SEQ. and

SECOND AMENDED COMPLAINT

1

12 U.S.C. 4903 ET SEQ. and the diversity of properties located in different states that are involved in this action.

Venue is proper in this Court in that all plaintiffs reside in this district and the contracts that are a subject of this action were signed in this district.

## COMPLAINT

Plaintiffs RAY GRAY and TESLA GRAY, (hereinafter referred to as "TESLA," and "RAY", respectively) and for all causes of action, allege as follows:

1. At all times relevant, Plaintiffs, TESLA GRAY and RAY GRAY, were and are citizens of the State of California and residents of San Diego County.

2. At all times relevant, defendant PREFERRED BANK, INC. (hereinafter "PREFERRED") was and is a corporation incorporated under the laws of the State of California engaged in the banking business and located in Los Angeles County.

3. TESLA GRAY is currently in a Chapter 7 Bankruptcy in the Southern District of California of the United States District Court. RAY GRAY has received a fully executed assignment by the trustee of said bankruptcy whereby TESLA GRAY's right to prosecute this action has been assigned to RAY GRAY.

4. Except where specifically otherwise stated in the complaint where these persons acted individually or in concert with one another, each of the defendants THEODORE HSU and BRIAN JURCZAK was the agent, employee, or representative of defendant PREFERRED BANK.

5. Plaintiffs are currently unaware of the names of defendants listed herein as DOES 1 through 300, inclusive. Plaintiffs will amend the complaint in the event that the identity of such individuals or entities is learned or becomes known by Plaintiffs. Plaintiffs herein allege that all

SECOND AMENDED COMPLAINT

2

fictitiously named defendants were acting in concert with the named defendants and were agents and employees of said defendants and that such actions caused the damages incurred and suffered by Plaintiffs.

## **FACTUAL ALLEGATIONS**

6.    On or about October 2006, Tesla and PREFERRED allegedly executed a Construction Loan Agreement and Escrow Instructions (hereinafter "Agreement") and a Promissory Note whereby Tesla was to repay a loan of up to $14,000,000, with an interest rate of up to 18% plus an additional sum of at least $550,000.00 into the Interest Reserve Account, to be encumbered by a Deed of Trust in favor of PREFERRED.

7.    Additionally, PREFERRED claims that Ray, Tesla's father, executed a Guaranty on or about October 2006, whereby he agreed to guarantee the fulfillment of the obligations of the Agreement.

8.    Plaintiffs allege on information and belief that during the months of October through December 2008, THEODORE HSU, BRIAN JURCZAK and their agents, acting as a group of persons associated-in fact in a common enterprise engaged in a pattern of activities of extortion and fraud and stock manipulation and other enterprise in Los Angeles County, both through their positions as officers of PREFERRED and through other enterprise, to enhance their private fortunes over and above their salaries and duties with the bank, thereby doing injury to Tesla Gray's business and Ray Gray's business.

9.    One such series of actions was to fraudulently extort from Tesla Gray the additional collateral of four residential properties (two in Hawaii, two in California) having equity value in excess of $10 million dollars for a previous loan of October 2006, without giving Tesla any additional consideration and with full knowledge that Tesla had a pending bankruptcy

SECOND AMENDED COMPLAINT

3

since October 2008 and Hsu's misrepresenting to Ray and to her that it was legally proper to do so, yet knowing full well this was improper under federal bankruptcy law  to add to the collateral for an existing loan preceding a bankruptcy.  Defendants did, nonetheless, obtain from Tesla said additional collateral of real estate properties as part of an Amendment to Construction Loan Agreement, along with a Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended.  All of the agreements shall collectively be referred to as the "Loan Documents" in connection with the subject properties.

10.     THEODORE HSU and BRIAN JURCZAK were well aware of Tesla's bankruptcy and the illegality of their extracting the additional properties from Tesla and Ray as collateral for a 2006 Agreement, yet proceeded anyway, as described in the foregoing.

11.     In furtherance of this scheme of multiple extortions of properties, during the months prior to December 2008 and on or about December 21, 2008, THEODORE HSU and BRIAN JURCZAK, in their capacities as officers of PREFERRED and as shareholders of PREFERRED, in Los Angeles County, perpetrated a fraud on plaintiff Ray, Tesla's father and business manager, by promising, without intent to perform, to lend $20 million towards Ray's ranch properties in Panoche Valley in northern California.  PREFERRED pressured Tesla and Ray to sign the Loan Documents and new Guaranty, with the threat that they must do so, on pain of adverse actions against them, despite the illegality of signing such documents.  Immediately after their signing said documents, THEODORE HSU and BRIAN JURCZAK reneged on their

SECOND AMENDED COMPLAINT

4

promise to loan the money.  It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

12.    Additionally, during the months prior to December 2008, and, on or about December 21, 2008, THEODORE HSU and BRIAN JURCZAK made a false promise in Los Angeles County to RAY GRAY to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego, which would have enabled Ray to close on a sale he had with a buyer from Mexico for one of those buildings.  PREFERRED had put a loan on both properties for $700,000.  Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down.  PREFERRED had led Ray to believe they would do so. But after Tesla and he signed the subject documents in December 2008, THEODORE HSU and BRIAN JURCZAK refused to do so.  In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf, that "you've got to sign those documents.  If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies).  This was extortion in the obtaining of properties from another induced by the wrongful use of fear, e.g., fear that the fraudulent false promises that had been made would be negated and adverse consequences created, such as interfering with the economic advantage of Ray's being able to sell one of the two buildings to a buyer who had already made an accepted offer by reneging on the promise to sever the cross-collateralization of the two properties; such as reneging on the $20 million loan that was promised to Ray; and such as loss of Tesla's properties that secured the existing loan. Said fraudulently secured extortion was to have the effect of creating a much greater economic benefit to HSU AND JURCZAK than would otherwise have been the case, to the damage of Tesla and Ray.

///

SECOND AMENDED COMPLAINT

13.     In fact, despite the RAYS' signing the documents, THEODORE HSU and BRIAN JURCZAK immediately reneged on their promise to separate the loans.  The escrow for the purchase of one of the buildings has failed despite the buyer's wiring full payment, as instructed, to a bank account in Las Vegas, Nevada. PREFERRED thereafter instituted foreclosure proceedings on these properties.  It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, without intent to perform, thereby perpetrating a fraud upon them, and seeking to take for themselves the very property whose sale they had promised to facilitate for Ray to his buyer.

14.     THEODORE HSU and BRIAN JURCZAK, as a continuing partnership unit, have also engaged in other common enterprise against Ray Gray and Tesla Gray, as they have been engaged in ongoing attempts during 2009 and 2010 to take from the Grays over 100 acres of property that is located in Harmony Grove, San Diego County.

15.     Such continuing actions on the part of THEODORE HSU and BRIAN JURCZAK constitute a pattern of their attempting to take properties and other financial advantages from the Grays and pose an ongoing threat of continuing fraudulent and extortionist activities on the part of the partnership team of THEODORE HSU and BRIAN JURCZAK.

16.     At the end of 2008 the bank was facing liquidity problems, according to the federal bank regulators.  If Tesla's loan of $14 million, which was delinquent at the time, had been properly put into a delinquent category, the bank regulators would have closed or taken other adverse action against Preferred Bank.  This would have caused their stock to plummet. PREFERRED and its agents furthered a scheme to avoid this by inflating the value of their assets with the additional collateral fraudulently extorted from Tesla.

SECOND AMENDED COMPLAINT

17.     In sum, fraudulent and extortionist pressure was put on Tesla to sign an amended loan agreement and related documents, and on Ray, Tesla's business manager and agent, to also sign a personal guaranty, all designed to give PREFERRED additional, substantial collateral so that it would give the appearance of a solid loan to the banking regulators so, in turn, they could file a deceptive, misleading SEC yearly report of manipulated, inflated values.

18.     Also during the months prior to late December 2008, to induce plaintiffs to sign the loan documents and guaranty, HSU and JURCZAK had promised to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego, which would have enabled Ray to close on a sale he had with a buyer from Mexico for one the those buildings. PREFERRED had put a loan on both properties for $700,000. Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down. HSU and JURCZAK had led Ray to believe they would do so. But immediately after Tesla and Ray signed the subject documents in December 2008, they refused to do so. In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf, that "you've got to sign those documents. If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies).

19.     In fact, despite their signing the documents, THEODORE HSU and BRIAN JURCZAK immediately reneged on their promise to separate the loans. The escrow for the purchase of one of the buildings has failed despite the buyer's wiring full payment, as instructed, to a bank account in Las Vegas, Nevada. PREFERRED is now foreclosing on these properties. It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, without intent to perform, thereby perpetrating a fraud upon them, and

SECOND AMENDED COMPLAINT

7

taking for themselves the very property whose sale they had promised to facilitate for Ray to his buyer.

20.     THEODORE HSU and BRIAN JURCZAK, as a continuing partnership unit, have also engaged in other common enterprise against Ray Gray and Tesla Gray, as they have been engaged in ongoing attempts during 2009 and 2010 to take from the Grays over 100 acres of property that is located in Harmony Grove, San Diego County.

21.     Such actions on the part of THEODORE HSU and BRIAN JURCZAK and PREFERRED BANK constitute a pattern of their attempting to take properties and other financial advantages from the Grays by means of fraudulent and extortionist activities on their part.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF 11 U.S.C. 362 ET SEQ

### OF BANKRUPCTY LAWS

### (TESLA AGAINST ALL DEFENDANTS)

22.     PLAINTIFFS reallege and incorporate paragraphs 1 thru 21 of this complaint as though fully set forth herein.

23.     PLAINTIFF Tesla Gray ("Tesla") became the subject, as debtor, of an involuntary bankruptcy proceeding that was initiated on or about October 28, 2008.

24.     Under 11 U.S.C. Section 362(a), the filing of a bankruptcy petition puts in place an automatic stay against creditor actions and proceedings.

25.     Under Section 362(a), "...all legal actions being taken against the debtor are affected." Kertesz v. Ostrovsky (2004) 115 Cal.App.4th 369, 376.

SECOND AMENDED COMPLAINT

8

26.     Further, PLAINTIFF Tesla alleges that defendants violated federal bankruptcy law by requiring the bankrupt debtor, Tesla, to add to the collateral for an existing loan from 2006 that preceded her bankruptcy, obtaining from Tesla said additional collateral of four residential properties (two in Hawaii, two in California) having equity value in excess of $10 million dollars and without giving Tesla any additional consideration and with full knowledge that Tesla had the pending bankruptcy and causing them to be a part of an Amendment to Construction Loan Agreement, along with a Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended.

27.     Said post-petition taking of property is subject to being voided by the bankruptcy court, for, the bankruptcy trustee could, at any time, seek to avoid the transaction under 11 U.S.C. 549(a).

28.     As a result of the foregoing actions by Defendants, Tesla has suffered substantial damages through the loss of economic advantages associated with the equity of said properties. Defendants placed a lien of $14,000,000 against each of four residential properties owned by Tesla Gray (two beachfront properties in Hawaii, two in California) which had an estimated equity in excess of $10 million in 2008.  Said $14 million dollar liens prevented Tesla from utilizing the benefit of $10 million in equity for refinancing or sale, which had been her intention to do, but now she was prevented from doing by Defendants' actions.

29.     As a result, Tesla has been damaged in an amount estimated in the millions of dollars, subject to proof at trial.

SECOND AMENDED COMPLAINT

9

## SECOND CLAIM FOR RELIEF

### FRAUD – INTENTIONAL MISREPRESENTATION

### (RAY GRAY and TESLA GRAY against THEODORE HSU and BRIAN JURCZAK)

30.     PLAINTIFFS reallege and incorporate paragraphs 1 thru 29 of this complaint as though fully set forth herein.

31.      Plaintiffs allege on information and belief that during the months of October through December 2008 and 2009, THEODORE HSU and BRIAN JURCZAK engaged in fraud and fraudulent stock manipulation in Los Angeles County, both through their positions as officers of PREFERRED and through other enterprise, to enhance their private fortunes over and above their salaries and duties with the bank, thereby doing injury to Tesla Gray's business and Ray Gray's business.

32.      Thus, incorporating all of the foregoing paragraphs, defendants THEODORE HSU and BRIAN JURSCZAK, in their capacities as officers of PREFERRED made false representations to Tesla and Ray, with knowledge of their falsity, with the intent to defraud them, which representations Tesla and Ray justifiably relied, to their damage.

33.      One such series of actions was to fraudulently extort from Tesla Gray the additional collateral of four residential properties (two in Hawaii, two in California) having equity value in excess of $10 million dollars for a previous loan of October 2006, without giving Tesla any additional consideration and with full knowledge that Tesla had a pending bankruptcy since October 2008 and Hsu's misrepresenting to Ray and to her that it was legally proper to do so, yet knowing full well this was improper under federal bankruptcy law  to add to the collateral for an existing loan preceding a bankruptcy.  Defendants did, nonetheless, obtain from Tesla said additional collateral of real estate properties as part of an Amendment to Construction Loan

SECOND AMENDED COMPLAINT

Agreement, along with a Restated Secured Promissory Note ("Restated Note") in the same principal sum of $14,000,000.00 as in 2006, as well as a Modification of Construction Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust Modification") in connection with the Construction Loan Agreement, as amended.  All of the agreements shall collectively be referred to as the "Loan Documents" in connection with the subject properties.

34.     THEODORE HSU and BRIAN JURCZAK were well aware of Tesla's bankruptcy and the illegality of their extracting the additional properties from Tesla and Ray as collateral for a 2006 Agreement, yet proceeded anyway, as described in the foregoing.

35.     Thus, THEODORE HSU and BRIAN JURCZAK, in their capacities as officers of PREFERRED and as shareholders of PREFERRED, made false representations to Tesla and Ray, with knowledge of their falsity, with the intent to defraud them, which representations Tesla and Ray justifiably relied, to their damage.

36.     In furtherance of this scheme of multiple fraudulent extortions of properties, during the months prior to December 2008 and on or about December 21, 2008, THEODORE HSU and BRIAN JURCZAK, in their capacities as officers of PREFERRED and as shareholders of PREFERRED, in Los Angeles County, perpetrated a fraud on plaintiff Ray, Tesla's father and business manager, by promising, without intent to perform, to lend $20 million towards Ray's ranch properties in Panoche Valley in northern California.  PREFERRED pressured Tesla and Ray to sign the Loan Documents and new Guaranty, with the threat that they must do so, on pain of adverse actions against them.  Immediately after their signing said documents, THEODORE HSU and BRIAN JURCZAK reneged on their promise to loan the money.  It is apparent that

SECOND AMENDED COMPLAINT

11

their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, thereby perpetrating a fraud upon them.

37. Additionally, during the months prior to December 2008, and, on or about December 21, 2008, THEODORE HSU and BRIAN JURCZAK made a fraudulent and false promise to RAY GRAY to remove their cross-collateralization on two buildings in the Little Italy neighborhood of San Diego, which would have enabled Ray to close on a sale he had with a buyer from Mexico for one the those buildings. PREFERRED had put a loan on both properties for $700,000. Ray requested that there be separated loans of $350,000 on each and Ray would pay the second one down. THEODORE HSU and BRIAN JURCZAK had led Ray to believe they would do so. But after Tesla and he signed the subject documents in December 2008, THEODORE HSU and BRIAN JURCZAK refused to do so. In fact, the CEO of Preferred, THEODORE HSU, told Ray, who was acting on Tesla's behalf, that "you've got to sign those documents. If you don't, there will be a big problem." Ray understood this to mean "sign or else" (we'll be enemies). This was extortion in the obtaining of properties from another induced by the wrongful use of fear, e.g., fear that the fraudulent false promises that had been made would be negated and adverse consequences created, such as interfering with the economic advantage of Ray's being able to sell one of the two buildings to a buyer who had already made an accepted offer by reneging on the promise to sever the cross-collateralization of the two properties; such as reneging on the $20 million loan that was promised to Ray; and such as loss of Tesla's properties that secured the existing loan. Said fraudulently secured extortion was to have the effect of creating a much greater economic benefit to HSU AND JURCZAK than would otherwise have been the case, to the damage of Tesla and Ray.

SECOND AMENDED COMPLAINT

12

38.    In fact, despite RAYS' signing the documents, THEODORE HSU and BRIAN JURCZAK immediately reneged on their promise to separate the loans.  The escrow for the purchase of one of the buildings has failed despite the buyer's having been approved by PREFERRED and wiring full payment, as instructed, to a bank account in Las Vegas, Nevada. PREFERRED thereafter instituted foreclosure proceedings on these properties.  It is apparent that their promise was part of their ploy to pressure and induce Tesla and Ray to sign the new loan documents, without intent to perform, thereby perpetrating a fraud upon them, and seeking to take for themselves the very property whose sale they had promised to facilitate for Ray to his buyer.

39.    THEODORE HSU and BRIAN JURCZAK, as a continuing partnership unit, have also engaged in other common enterprise against Ray Gray and Tesla Gray, as they have been engaged in ongoing attempts during 2009 and 2010 to fraudulently deprive the Grays of 100 acres of property that is located in Harmony Grove, San Diego County.

40.    THEODORE HSU and BRIAN JURCZAK, in their capacities as officers of PREFERRED and as shareholders of PREFERRED, made false representations to Ray, with knowledge of their falsity, with the intent to defraud them, which representations Ray justifiably relied, to his damage.

41.    As a result, Tesla and Ray and their businesses have suffered substantial injury in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

### FRAUD – NEGLIGENT MISREPRESENTATION

### (ALL DEFENDANTS)

42.    PLAINTIFFS reallege and incorporate paragraphs 1 thru 41 of this complaint as

SECOND AMENDED COMPLAINT

13

though fully set forth herein.

43.    Defendants THEODORE HSU and BRIAN JURCZAK, in their capacities as officers of Defendant PREFERRED  made one or more representations to Plaintiffs that were not true.

44.    Defendants did not have any reasonable grounds for believing the representations were true when they made them

45.    Defendants intended that Plaintiffs rely on said representations.

46.    Plaintiffs reasonably relied on Defendants' representations.

47.    Defendants were harmed.

48.    Plaintiff's reliance on Defendants' representations was a substantial factor in causing the harm to Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1. For compensatory damages in an amount not known, but believed to be in excess of $10 million;

2. For punitive damages;

3. For its costs, fees and other expenses, attorney fees; and

4. For such other and further relief deemed just and proper.

DATED: June 24, 2010                    LAWYERS FOR LESS LAW CENTER


BY:__s/James N. Maynard_____
     JAMES N. MAYNARD
     jamesnmaynard@yahoo.com
     ATTORNEYS FOR TESLA AND RAY GRAY

SECOND AMENDED COMPLAINT