UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GRAY, TESLA GRAY,<br><br>                         Plaintiffs,<br>vs.<br><br>PREFERRED BANK, et al.,<br>                        Defendants. | CASE NO. 09CV2025 DMS (CAB)<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR: (1) TEMPORARY RESTRAINING ORDER, AND (2) LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>[Doc. 41] |

     This case comes before the Court on Plaintiffs' *ex parte* application for temporary restraining order ("TRO") and for leave to file a Third Amended Complaint in order to assert a declaratory relief claim to support the TRO. Defendants filed an opposition to the motion. For the reasons set forth below, Plaintiffs' application for TRO and leave to amend is denied.

     In October 2006, Tesla Gray and Preferred Bank entered into a Construction Loan Agreement ("Loan Agreement"), for up to $14 million, secured by real property located in Harmony Grove. Ray Gray, Tesla's father, executed a written guarantee of payment and performance of the Loan Agreement. Tesla Gray became delinquent in the loan payments, and, in October 2008, went into Chapter 11 bankruptcy. Ray Gray did not cure the default, and Preferred Bank, after obtaining relief from the automatic bankruptcy stay, filed suit against Ray Gray in San Diego Superior Court on July 27, 2009. Plaintiffs filed the instant action on September 16, 2009, against Preferred Bank and two of its employees, Theodore Hsu and Brian Jurczak. Defendants have filed a motion to dismiss

Plaintiffs' Second Amended Complaint, which is currently under submission.

Plaintiffs now seek a temporary restraining order to prevent the Harmony Grove property from being sold at a Trustee's Sale. The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (noting that a temporary restraining order is restricted to its "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A party seeking injunctive relief under Federal Rule of Civil Procedure 65 must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter,* 129 S. Ct. at 374).

Plaintiffs have failed to meet that standard. Initially, there is some dispute as to whether the Trustee's Sale is going forward on September 3. Plaintiffs state that the phone line provided in the Notice of Trustee's Sale indicates the sale is going forward on September 3, 2010 at 10:00 a.m. Defendants contend a subordinate lien holder on the Harmony Grove property has declared bankruptcy and therefore the foreclosure sale will not go forward on September 3. (Brucker Decl. ¶¶ 4-5.) Nonetheless, assuming the foreclosure sale is scheduled to take place on September 3, Plaintiffs have failed to show likelihood of success on the merits. The only basis for TRO asserted in Plaintiffs' application is the "one-action rule" provided by California Code of Civil Procedure section 726. Plaintiffs assert that because Preferred Bank has filed suit against Ray Gray in state court, it cannot also attempt to foreclose on the property. In the guaranty agreement signed by Mr. Gray, however, he specifically waived his right to assert a defense of Section 726. (Def. Ex. 6.) Such a waiver is

permitted by California Civil Code section 2856(a)(3). Further, Plaintiffs do not address whether the balance of equities tips in their favor or if the injunction is in the public interest.

Accordingly, Plaintiffs' application for TRO is denied. Plaintiffs' request for leave to file a third amended complaint to add a claim for declaratory relief in order to support the TRO is also denied.[1]

**IT IS SO ORDERED.**

DATED: September 2, 2010

HON. DANA M. SABRAW
United States District Judge

---

[1] In their opposition to Plaintiffs' *ex parte* application, Defendants seek sanctions under Rule 11 in the amount of $2,500. The Court declines to reach this issue without a noticed motion.