# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RAY GRAY, TESLA GRAY, | CASE NO. 09CV2025 DMS (CAB) |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| vs. | |
| PREFERRED BANK, et al., | [Doc. 36.] |
| Defendants. | |

Pending before the Court is Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). Plaintiffs filed an opposition and Defendants filed a reply. For the reasons set forth below, Defendants' motion is granted.

## I.
## BACKGROUND

In October 2006, Tesla Gray and Preferred Bank entered into a Construction Loan Agreement ("Loan Agreement") for a loan of up to $14 million. (SAC ¶ 6.) Ray Gray, Tesla's father, executed a written guaranty of payment and performance of the Loan Agreement. (*Id.* at ¶ 7.) In October 2008, Tesla Gray went into Chapter 11 bankruptcy. (*Id.* at ¶ 9.) Approximately two months later, in December 2008, the parties amended the Loan Agreement and added additional properties as collateral on the loan. (*Id.* at ¶ 9.) Plaintiffs contend that the amended Loan Agreement was gained through extortion. (*Id.* at ¶¶ 9, 11, 12.) Specifically, Plaintiffs allege that Defendants sought the amendment

in order to manipulate Preferred Bank's stock price, that Tesla Gray did not receive additional consideration for the loan amendment, that the amendment violated the automatic stay imposed by Tesla Gray's bankruptcy, and that Defendants promised Ray Gray a $20 million loan for ranch properties in northern California and to remove the cross-collateralization it held on two additional properties owned by Ray Gray to induce him into signing an amended guaranty. (*Id.* at ¶¶ 9-13, 16.)

Tesla Gray became delinquent in the loan payments. (*Id.* at ¶ 16.) Ray Gray did not cure the default, and Preferred Bank filed suit against Ray Gray in San Diego Superior Court on July 27, 2009. (Def. Mem. P. & A. at 3; Defendants' Request for Judicial Notice in Support of Their Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC RJN"), Ex. 3.)[1] Plaintiffs filed the instant action on September 16, 2009, against Preferred Bank and two of its employees, Theodore Hsu and Brian Jurczak. On December 21, 2009, the Bankruptcy Court converted Tesla Gray's Chapter 11 bankruptcy into a Chapter 7 bankruptcy. (FAC RJN Exs. 5-6.) Plaintiffs filed a First Amended Complaint on December 17, 2009, which Defendants moved to dismiss on April 16, 2010. (Docs. 14, 19.) On June 10, 2010, the Court issued an Order granting Defendants' motion to dismiss Plaintiffs' First Amended Complaint and granting Plaintiffs leave to file a Second Amended Complaint. (Doc. 32.) Plaintiffs filed the SAC on June 24, 2010 and Defendants filed the instant motion to dismiss Plaintiffs' SAC on July 8, 2010. (Docs. 33, 36.)

## II.

## LEGAL STANDARD

A party may move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The burden of establishing subject matter jurisdiction rests upon the party asserting jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, --- U.S. ---, 130 S.Ct. 1181 (2010); *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). If the Court has subject matter jurisdiction over one or more claims, it may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part

---

[1] The Court granted Defendants' April 16, 2010 Request for Judicial Notice in its June 10, 2010 Order Granting Defendants' Motion to Dismiss.

of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

A party may move to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the claimant fails to state a claim upon which relief can be granted. The Federal Rules require a pleading to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court, however, recently established a more stringent standard of review for pleadings in the context of 12(b)(6) motions to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)).

## III.

## DISCUSSION

Plaintiffs contend they were the victims of extortion and fraud. The SAC states three claims for relief: 1) violation of federal bankruptcy laws, 11 U.S.C. § 362 *et seq.*; 2) fraud - intentional misrepresentation; and 3) negligent misrepresentation. Defendants moved to dismiss the SAC in its entirety under Rules 12(b)(1) and 12(b)(6). The Court addresses Defendants' arguments and Plaintiffs' claims in turn below.

### A.   Subject Matter Jurisdiction

As an initial matter, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiffs' bankruptcy stay violation claim under 11 U.S.C. § 362 because such claim must be brought in the bankruptcy court, and move to dismiss pursuant to Rule 12(b)(1). Defendants further argue that, because this is Plaintiffs' only federal law claim, the Court cannot retain supplemental jurisdiction

over Plaintiffs' state law claims. Plaintiffs state in their Opposition brief that they are not in fact asserting a bankruptcy stay violation claim, but "rather, a violation of federal law that forbids a creditor from requiring the bankrupt debtor, Tesla, during the pendency of her bankruptcy, to add to the collateral for an existing loan that preceded her bankruptcy." (Opp. at 4.) Plaintiffs' assertion, however, is belied by the face of the SAC, as Plaintiffs' first claim for relief alleges a "violation of 11 U.S.C. 362 et seq of bankruptcy laws." The Court will therefore address the claim as a bankruptcy stay violation claim. (SAC ¶¶ 22-29.)

Defendants are correct that "[b]ankruptcy courts have jurisdiction over 'all civil proceedings arising under title 11, or arising in or related to cases under title 11,'" including bankruptcy stay violation claims. *Davis v. Courington*, 177 B.R. 907, 912 (9th Cir. 1995) (quoting 28 U.S.C. § 1334(b)). However, whether district courts have concurrent jurisdiction over bankruptcy stay violation claims appears to be a matter of first impression in this Circuit. Defendants rely upon the Second Circuit Court of Appeals' ruling that claims under 11 U.S.C. § 362 "*must* be brought in the bankruptcy court, rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." *Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir. 2001); *see also Heghmann v. Town of Rye*, 326 F. Supp. 2d 227, 232-33 (D.N.H. 2004). The Eleventh Circuit Court of Appeals, however, came to the opposite conclusion and held that, because 28 U.S.C. § 1334 grants the district courts original jurisdiction over all cases under Title 11, a district court has subject matter jurisdiction over claims for violation of an automatic stay. *Justice Cometh, Ltd. v. Lambert*, 426 F.3d 1342, 1343 (11th Cir. 2005) (declining to follow the Second Circuit's holding in *Eastern Equipment*); *see also Fant v. Residential Servs. Validated Publ'ns*, No. C 06 2206 SI, 2006 WL 1806157, at *4 n.4 (N.D. Cal. June 29, 2006) (rejecting defendant's argument that the court lacked jurisdiction over a claim for violation of bankruptcy stay). The Court finds the holding of the Eleventh Circuit more persuasive and thus, finds it has subject matter jurisdiction over Plaintiffs' bankruptcy stay violation claim. Accordingly, the Court addresses the merits of Defendants' motion to dismiss.

**B.     Standing**

Defendants further argue that the Court must dismiss Plaintiffs' SAC for lack of standing. In its Order of June 10, 2010, the Court dismissed without prejudice the claims of Plaintiff Tesla Gray

alleged in the First Amended Complaint on the basis that she lacked standing to pursue the claims because of her Chapter 7 bankruptcy. (Doc. 32 at 3.) Plaintiffs indicated that they intended to cure this defect by having the bankruptcy trustee assign Tesla Gray's claims to Plaintiff Ray Gray. The Court stated in its Order that, "[s]hould Plaintiffs elect to file an amended complaint, the standing issue must be cured by that time." (*Id.*) Plaintiffs' SAC, filed on June 24, 2010, states "RAY GRAY has received a fully executed assignment by the trustee of [Tesla Gray's] bankruptcy whereby TESLA GRAY's right to prosecute this action has been assigned to RAY GRAY." (SAC ¶ 3.) However, as evidenced by a copy of the assignment, submitted by Plaintiffs as an exhibit in support of the SAC, the assignment of Tesla Gray's claims was subject to approval by the Bankruptcy Court. (Doc. 35-1 ¶ 17 ("Enforceability and validity of this agreement is conditioned on approval by the United States Bankruptcy Court, Southern District of California . . . . If such condition fails to occur, this Settlement Agreement shall be null and void . . . ."); Opp. at 2 ("Approval by the U.S. Bankruptcy Court of the pending assignment of Tesla's claims by the trustee confers standing upon Ray to pursue the claims of Tesla held by the trustee of her bankruptcy.").) The Bankruptcy Court did not approve the assignment of Tesla Gray's claims to Ray Gray until August 12, 2010, well after Plaintiffs filed the SAC. (SAC RJN Ex. 5.)[2]

Defendants argue that, because the assignment had not been approved by the Bankruptcy Court before Plaintiffs filed their SAC, Tesla Gray's claims should be dismissed for lack of standing. Because the defect in standing has been cured, the Court declines to dismiss the SAC on this basis and proceeds to discuss Plaintiffs' claims for relief.

**C.   Violation of Bankruptcy Stay**

Plaintiffs allege that the amendment to the Loan Agreement, in which Tesla Gray gave additional collateral for the loan, violated the automatic bankruptcy stay imposed by her Chapter 11

---

[2] On July 8, 2010, Defendants submitted a Request for Judicial Notice in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint. On August 13, 2010, Defendants submitted a Reply Request for Judicial Notice in Support of their Motion to Dismiss Plaintiffs' Second Amended Complaint. These requests are herein collectively referred to as "SAC RJN". As the documents and fact which Defendants request the Court to take judicial notice of are matters of public record subject to judicial notice under Federal Rule of Evidence 201, Defendants' request for judicial notice is granted. On August 18, 2010, Plaintiffs also submitted a Request for Judicial Notice in Support of their Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint. Plaintiffs' request for judicial notice is also granted.

bankruptcy pursuant to 11 U.S.C. § 362. (SAC ¶ 26.) Plaintiffs further allege that the lien placed by Defendants on the properties posted as additional collateral "prevented Tesla from utilizing the benefit of $10 million in equity for refinancing or sale," and "[a]s a result, Tesla has been damaged in an amount estimated in the millions of dollars." (*Id.* at ¶¶ 28-29.) Defendants argue that Plaintiff Tesla Gray fails to state a claim because 1) the posting of additional collateral occurred during the "gap" period between the filing of an involuntary bankruptcy proceeding against Tesla Gray and the issuance of the order for relief, and 2) she cannot allege a plausible claim for damages caused by the Defendants because the properties posted as collateral were worthless.

Under 11 U.S.C. § 342(g)(2), "[a] monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) . . . unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief." Tesla Gray's creditors filed an involuntary Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of California in October 2008. *See In re Tesla Gray*, No. 08-10753. In December 2008, the parties entered into an amendment to their existing Loan Agreement. (SAC ¶¶ 9, 18.) However, the Bankruptcy Court did not enter an order for relief under Chapter 11 until July 15, 2009. (FAC RJN Ex. 4.) Accordingly, the alleged misconduct occurred during the "gap" period and, pursuant to 11 U.S.C. § 342(g)(2), no monetary penalty may be imposed upon Defendants. As the only relief Tesla Gray seeks for the alleged violation of the automatic bankruptcy stay is monetary, Plaintiffs' claim for violation of the bankruptcy stay is dismissed.

**D.      Fraud - Intentional Misrepresentation**

Defendants contend that Plaintiffs' fraud claim fails because 1) Plaintiffs fail to plead fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure, 2) the only new factual allegation in the SAC constitutes an inactionable misrepresentation of law rather than fact, and 3) Plaintiffs' claims that Defendants made false promises are barred by the Parol Evidence Rule. Plaintiffs fail to respond to Defendants' arguments regarding misrepresentation of law and the Parol Evidence Rule, but argue that they did in fact plead fraud with the requisite particularity. Because the Court finds that Plaintiffs have failed to plead fraud with particularity, it does not address Defendants'

other arguments.

The elements of a fraud claim are false representation, knowledge of falsity, intent to defraud, justifiable reliance, and damages. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citation omitted). Fraud is subject to the heightened pleading standards of Rule 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir.1995). The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04. In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (citation omitted).

Plaintiffs allege that Defendants Theodore Hsu and Brian Jurczak engaged in fraud by inducing Plaintiffs to execute an amendment to their Loan Agreement and a new guaranty agreement by 1) misrepresenting to Tesla Gray that it was legally proper to execute the amendment posting additional collateral in the midst of an involuntary bankruptcy proceeding; and 2) promising Plaintiffs that Preferred Bank would a) lend $20 million to Ray Gray on an unrelated property and b) remove the cross-collateralization it held on two additional properties owned by Ray Gray. (SAC ¶¶ 33, 36-38.) Plaintiffs also allege that "during the months of October through December 2008 and 2009, THEODORE HSU and BRIAN JURCZAK engaged in fraud and fraudulent stock manipulation in Los Angeles County." (SAC ¶ 31.) With respect to the alleged promises made by Defendants Theodore Hsu and Brian Jurczak, Plaintiffs allege that the fraud occurred "during the months prior to December 2008 and on or about December 21, 2008 . . . in Los Angeles County." (SAC ¶¶ 36, 37.) Such pleading fails to satisfactorily set forth the who, what, where, when, and how of the alleged misconduct so that Defendants may prepare an adequate answer and is insufficient to meet the requisite particularity under Rule 9(b). Accordingly, Plaintiffs' claim for fraud is dismissed.

E.   **Negligent Misrepresentation**

"It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lopez v. U.S. Bank Nat'l Ass'n*, No.

10cv978 BTM (BGS), 2010 WL 3463622, at *3 (S.D. Cal. Aug. 31, 2010). As Plaintiffs' claim for negligent misrepresentation is based upon the same allegations as is their fraud claim, it similarly is not pled with the requisite particularity required under Rule 9(b). Accordingly, Plaintiffs' negligent misrepresentation claim is dismissed.

## IV.
## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. Plaintiffs' Second Amended Complaint is dismissed in its entirety with prejudice.[3]

**IT IS SO ORDERED.**

DATED: September 30, 2010

                        HON. DANA M. SABRAW
                        United States District Judge

---

[3] Plaintiffs argue in their Opposition that Defendants' actions are in violation of the Bank Holding Company Act, 12 U.S.C. § 1972 ("BHCA"), a claim not raised in the SAC. (Opp. at 4-5.) Plaintiffs assert that the Court has jurisdiction over this federal question and request leave to file a third amended complaint containing a claim for relief under the BHCA. (*Id.* at 5.) However, as it appears clear that Plaintiffs could not allege a plausible claim for relief under this statute, their request for leave to amend on this basis is denied. As to the claims for relief alleged in the SAC, Plaintiffs have had ample opportunity to plead a case and have failed to do so. Accordingly, Plaintiffs are not granted leave to amend.